IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HARRY LARSON, LYNDA LARSON, and L & H INVESTMENTS, a Nebraska Partnership, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 4:13CV3081 |
| v. | ) ) | |
| UNITED STATES, by and through TOM VILSACK, in his capacity as Secretary of the Department of Agriculture; CRAIG DERICKSON, in his capacity as State Conservationist for the State of Nebraska with the Natural Resources Conservation Service, an agency of the Department of Agriculture, and UNITED STATES OF AMERICA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

    This case involves a Warranty Easement Deed executed on September 11, 2007, between L & H Investments ("L & H"), a Nebraska partnership, and the United States Department of Agriculture, Natural Resources Conservation Service ("NRCS"), as part of the Wetlands Reserve Program ("WRP"). (Filing 18-1, Warranty Easement Deed.) Under the WRP, landowners may grant easements to the government on wetlands located on the owner's property in exchange for payments to the landowner. *See* 7 C.F.R. § 1467.4.

## BACKGROUND

In December 2003, L & H bought the property at issue, and that property contained a levee which served to prevent flood waters from the Missouri River from entering Plaintiffs' farmland and their neighbors' property. In 2007, Plaintiffs were approached by representatives of the NRCS who discussed "leasing" a portion of Plaintiff's property that was situated next to the Missouri River and which contained the levee. (Filing 27-1, Aff. Harry Larson ¶¶ 5, 6, 10.) Thereafter, Plaintiffs received the Warranty Easement Deed by mail, which they executed without the advice of counsel. (*Id.* ¶¶ 8, 9.) The easement covered a tract of Plaintiffs' land between the Missouri River and Plaintiffs' farm. (Filing 18, Amended Complaint ¶ 14.)

Following Missouri River flooding in 2009, defendant Craig Derickson's predecessor granted Plaintiffs a "compatible use authorization" allowing Plaintiffs to reconstruct the damaged levee. (Filing 18 ¶¶ 21, 30; Filing 27-1 ¶¶ 14, 15.) After Plaintiffs had completed the levee repair and reconstruction, flooding of the Missouri River in 2011 "washed out a significant portion of the rebuilt levee" and "destroyed a significant portion of real estate." (Filing 27-1 ¶ 17; Filing 18 ¶ 18.) Following the 2011 flood, Plaintiffs allege that several federal agencies, including the NRCS, the Army Corps of Engineers, the Agricultural Stabilization and Conservation Service Center, and the Federal Emergency Management Agency ("FEMA"), decided to repair the existing system of levees. The project involved removing sand and debris from farmland adjoining the Missouri River and repairing levees "up and down the River." (Filing 18 ¶ 19.) Plaintiff Harry Larson's affidavit states that the Army Corps of Engineers provided him "with a suggested design for the location, repair and reconstruction of the levee that had been lost in the flood, and FEMA funds were used to pay for much of the cost of repairing the levee," which was expected to total $400,000. (Filing 27-1 ¶ 19.)

Since the 2011 flood, Plaintiffs have "been in the process of removing sand and other materials from their farmland[] and rebuilding and repairing the levees." (Filing

2

18 ¶ 20.) Plaintiffs allege that NRCS personnel were aware of the plaintiffs' repair efforts, but they did not object until February 28, 2013, when the Nebraska office of the NRCS advised Plaintiffs that the easement had been violated due to an "earthen levee [that] was under construction in the northeast area of the easement site. . . . without prior authorization from NRCS." By that time, "much of the work had been completed." (Filing 27-1 ¶ 25.) The letter advised Plaintiffs to "cure" the violation (with advance approval by the NRCS) by December 31, 2013, by removing "the fill material in the levee to the post 2011 elevation." (Filing 18-2, Letter from NRCS to L & H Investments.)

On April 3, 2013, Derickson advised Plaintiffs that the "WRP violation" referenced in his February 28, 2013, letter was reviewed by the "NRCS's Easement Programs Division in Washington DC and the USDA's Office of the General Counsel," who both "concurred that the construction activity on the conservation easement site is a violation as defined by 7 C.F.R. § 1467.15."[1] Once again, Plaintiffs were advised to "remove all of the fill material associated with the levee construction to return the ground to the elevation that existed prior to the construction activity following the 2011 flood" by December 31, 2013. (Filing 18-3, Letter from NRCS to L & H Investments.)

## THE WARRANTY EASEMENT DEED

The Warranty Easement Deed grants to the United States "all rights, title and interest in the lands comprising the easement . . . reserving to the Landowner only those rights, title, and interest expressly enumerated in Part II." (Filing 18-1 at CM/ECF p. 1.) Part II reserves in the Landowner the rights to title, quiet enjoyment, to prevent trespass and control access by the public, recreational uses, and subsurface resources like oil, gas, and minerals. (Filing 18-1 at CM/ECF p. 2.) Part III sets forth

---

[1] 7 C.F.R. § 1467.15 sets forth easement violations of the Wetlands Reserve Program and remedies therefor.

obligations of the landowner, including the following relevant prohibitions:

> **Part III. Obligations of the Landowner.** The Landowner shall comply with all terms and conditions of this easement, including the following:
>
> A. **Prohibitions.** Without otherwise limiting the rights of the United States acquired hereunder, it is expressly understood that the rights to the following activities and uses have been acquired by the United States and, unless authorized by the United States under Part IV, are prohibited of the Landowner on the easement area:
>
> . . . .
>
> 5. draining, dredging, channeling, filling, leveling, pumping, diking, impounding, or related activities, as well as altering or tampering with water control structures or devices;
>
> 6. diverting or causing or permitting the diversion of surface or underground water into, within, or out of the easement area by any means;
>
> 7. building or placing buildings or structures on the easement area;

(Filing 18-1 at CM/ECF pp. 2-3.)

The Warranty Easement Deed allows the government to authorize the landowner to use the property for "compatible economic uses" such as harvest, haying, and grazing, but such "uses" will only be allowed if "the proposed use is consistent with the long-term protection and enhancement of the wetland." (Filing 18-1 at CM/ECF p. 3.) Finally, the Warranty Easement Deed provides that "[a]ll rights in the easement area not reserved by the Landowner shall be deemed acquired by the United States. Any ambiguities in this easement deed shall be construed in favor of the United States to effect the wetland and conservation purposes for which this

4

easement deed is being acquired." (Filing 18-1 at CM/ECF p. 5.)

## THIS LAWSUIT

Asserting that the easement "does not prohibit repairing or replacing existing levees that have been damaged as a result of the flooding of the Missouri River" and that Plaintiffs need "to remove sand from their farmland and to repair the levees as soon as possible, in order to be able to plant and harvest crops in the 2013 crop year," Plaintiffs filed this action on April 12, 2013 (filing 1). The initial complaint was followed by an amended complaint (filing 18) on June 7, 2013, in apparent response to the defendants' motion to dismiss (filing 15).

Plaintiffs' amended complaint asserts a claim under the Quiet Title Act, 28 U.S.C. § 2409a,[2] and seeks to compel defendant Craig Derickson to "perform his duty and to approve the Plaintiffs' request to repair the levees . . . pursuant to 5 U.S.C. § 702."[3] (Filing 18 at CM/ECF p. 1.) On June 12, 2013 (filing 20), Defendants moved for more time to file a responsive pleading to Plaintiffs' amended complaint. Defendants' request was granted, and on July 8, 2013, the defendants filed a motion for summary judgment (filing 22), claiming that the plain and ordinary terms of the Warranty Easement Deed clearly establish that Plaintiffs did not retain any right to repair, rebuild, or otherwise tamper with former or existing levees on the property. (Filing 23, Br. Supp. Defs.' Mot. Summ. J.) In response, Plaintiffs filed the motion now pending before this court—a "Motion to Dismiss, or for Temporary Reprieve to Defer Plaintiffs' Response to Defendants' Motion for Summary Judgment, and for

---

[2] 28 U.S.C. § 2409a(a) provides in part: "The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest . . . ."

[3] 5 U.S.C. § 702 states in part: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

Discovery." (Filing 24.)

As Plaintiffs point out, initial disclosures have not yet been provided pursuant to Fed. R. Civ. P. 26, nor has discovery been conducted pursuant to Fed. R. Civ. P. 26(d). Plaintiffs believe that limited discovery is necessary for them to properly respond to the defendants' motion for summary judgment; accordingly, Plaintiffs request denial of the motion for summary judgment "to allow discovery in the ordinary course, or . . . at least an additional seventy (70) days to allow Plaintiffs to conduct discovery, and to respond to the Defendants' Motion for Summary Judgment." (Filing 24.)

Plaintiffs contend that the information they need to respond to Defendants' motion for summary judgment "is in the exclusive control of the Defendants." (Filing 24-1 ¶ 3.) Plaintiffs believe discovery is needed to address "questions of fact regarding interpretation of the contract in question, as well as potentially issues of waiver, laches, estoppel, and public policy," especially since "Plaintiffs were provided a preprinted document and did not have the benefit of counsel when the Warranty Easement Deed was presented and signed." (Filing 24-1 ¶¶ 8, 9.)

Plaintiffs specifically outline the types and content of discovery they seek: (1) interrogatories regarding the formation and execution of the Warranty Easement Deed, the granting of a conditional use permit to Plaintiffs in 2010, the NRCS's decision to issue a cease and desist order against Plaintiffs' attempt to reconstruct a levee on the subject property after the 2011 flood of the Missouri River, and Defendants' refusal to issue a compatible use authorization to Plaintiffs after the 2011 flood; (2) requests for production of documents from the NRCS's file on this property, including the identity of employees with knowledge of this matter, similar easements on this property at other locations, and other compatible use authorizations that have been issued to reconstruct levees damaged by floods pursuant to similar warranty easement deeds on other properties; (3) requests for admissions that would narrow legal issues and eliminate questions of fact; and (4) "[d]epending upon the answers to the above[-]

6

referenced discovery, a deposition or two." (Filing 24-1.)

"Although discovery does not have to be completed before a district court can grant summary judgment, 'summary judgment is proper only after the nonmovant has had adequate time for discovery.'" *Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010) (quoting *In re TMJ Litigation*, 113 F.3d 1484, 1490 (8th Cir. 1997)). Federal Rule of Civil Procedure 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." This rule "allows a party opposing summary judgment to request the court postpone a decision until adequate discovery is completed." *Ray*, 609 F.3d at 923.

To obtain a continuance under Rule 56(d), "the party opposing summary judgment must file an affidavit 'affirmatively demonstrating . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Ray*, 609 F.3d at 923 (quoting *Humphreys v. Roche Biomedical Lab., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993)).[4] "'The purpose of [Rule 56(d)] is to provide an additional safeguard against an improvident or premature grant of summary judgment . . . and [the rule] should be applied with a spirit of liberality.' 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 2740 (1998)." *U.S. ex. rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002).

Here Plaintiffs cannot present facts essential to oppose the government's motion

---

[4]The court's discussion in *Ray v. American Airlines, Inc.* actually involved Federal Rule of Civil Procedure 56(f), but on December 31, 2010, Rule 56(f) was recodified "without substantial change" as Rule 56(d). *See* Fed. R. Civ. P. 56 advisory committee's notes.

7

for summary judgment because neither party has yet undertaken any discovery. The court knows nothing about the nature and extent of the levee reconstruction at issue, making a determination about the scope of the easement and whether the Warranty Easement Deed's prohibitions apply to the levee reconstruction impossible, particularly when the levee under reconstruction existed at the time the Warranty Easement Deed was executed. In addition, and as pointed out by Plaintiffs:

> representations made to L&H Investments after the first flooding event in 2009, and in connection with the Compatible Use Permit issued at that time are relevant to determine how representatives of the governmental agencies interpreted the provisions of the Warranty Easement Deed, what additional representations they made at that time, and what defenses may be available to L&H Investments based on those representations.

(Filing 28, Pls.' Reply Br. at CM/ECF pp. 7-8.)

The government argues that discovery cannot reasonably lead to the introduction of admissible evidence because Plaintiffs' claims are "strictly governed by the terms and provisions of the Warranty Deed Easement." (Filing 26, Defs.' Br. Opp'n Pls.' Mot. at CM/ECF p. 4.) However, while their decisions are admittedly not binding, other district courts in this circuit have granted Rule 56(d) motions in contract cases having a similar procedural posture. *See e.g., National Sur. Corp. v. Dustex Corp.*, No. C13-2004, 2013 WL 3189079, at *5 (N.D. Iowa June 21, 2013) (in declaratory judgment action involving insurance contract, court granted Rule 56(d) motion when summary judgment motion was filed before any discovery occurred and nonmoving party did not have access to information in movant's control, nonmovant identified facts and materials sought that were expected to "raise an issue of material fact concerning the timing and scope of [the movant's] alleged reservation of rights" and could rebut arguments made in summary judgment motion; noting that "[c]ourts have found discovery necessary even when the case seems to turn on contract interpretation"); *Nelson v. American Home Assur. Co.*, Civ. No. 11-1161, 2011 WL

2397160 (D. Minn. June 13, 2011) (granting Rule 56(d) request and denying motion for summary judgment without prejudice to refiling at later date in declaratory judgment action on insurance contract when motion was filed one day after complaint filed, facts supporting defendant's defense had "yet to be developed," affidavit identified five specific factual areas in which defendant needed discovery to defend itself on insurance coverage question, and case was "truly in its infancy"); *Martindale Corp. v. Heartland Inns of America, LLC*, No. 08-CV-2065, 2009 WL 362270, at *1 (N.D. Iowa Feb. 11, 2009) (granting what is now Rule 56(d) motion when defendant filed motion for summary judgment before parties conducted any discovery and only six weeks after filing of complaint; finding that "[d]iscovery may be 'critical' even in actions seeking a relatively simple declaratory judgment on a contract").

Therefore, at this early stage of the litigation, I shall deny the government's motion for summary judgment (filing 22) without prejudice to its refiling upon completion of discovery, and I shall grant Plaintiffs' motion to dismiss, defer, and for discovery (filing 24).

IT IS ORDERED:

1. The defendants' Motion for Summary Judgment (filing 22) is denied without prejudice to its refiling upon completion of discovery;

2. The plaintiffs' Motion to Dismiss, or for Temporary Reprieve to Defer Plaintiffs' Response to Defendants' Motion for Summary Judgment, and for Discovery (filing 24) is granted;

3. This matter is referred to Magistrate Judge Zwart for progression.

DATED this 15th day of August, 2013.

BY THE COURT:
*Richard G. Kopf*
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.